(136 So. 483)

### RATHER v. STATE.
### 8 Div. 392.

Court of Appeals of Alabama.
Aug. 4, 1931.

Bradshaw & Barnett, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

### SAMFORD, J.

The defendant was indicted under three counts, burglary, grand larceny, and receiving stolen property. He was convicted under the third count, charging that he did buy, receive, conceal, or aid in concealing, about twenty-four pork hams of the value of $2.50 each, and about 200 pounds of pork bacon of the value of $48, all of the aggregate value of $108, the personal property of the Florence Packing Company, a corporation, knowing that it was stolen and not having the intent to restore it to its owner.

Proof of the theft of the above-named property was made, and there are some facts tending to connect the defendant with a knowledge of the crime and with the possession of at least a part of the property. These facts are slight, but they are circumstances from which the jury might infer guilt. We do not, therefore, feel justified in holding that the affirmative charge should have been given at the request of the defendant, nor will we hold that the trial judge erred in overruling the motion for a new trial.

The ownership of the property alleged to have been stolen was laid in Florence Packing Company, a corporation. On the trial the judge charged the jury in part: "Now in the offense charged in the third count of the indictment you will note that it is immaterial whom it is alleged that the property belonged to." In explanation of this part of the charge, the defendant requested the court to give the following written charge, to wit: "4. I charge you, if you do not believe from the evidence beyond all reasonable doubt and to a moral certainty that the property alleged to have been concealed was the property of the Florence Packing Co. a corporation you cannot find the defendant guilty on Count Three of the indictment."

The state must prove its charge as laid in the indictment. The charge should have been given. The same is true of refused charge 12. If the meat testified to by the witness Howard was not property of the Florence Packing Company, there was an entire break in the chain of circumstances tending to connect this defendant with the crime, and he should have been acquitted.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.